IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK ALAN CHAR, #A0234438, | CIV. NO. 18-00302 JMS-RLP |
| Plaintiff, | ORDER (1) GRANTING IN FORMA PAUPERIS APPLICATION; AND (2) DISMISSING COMPLAINT |
| vs. | |
| QUEENS HOSPITAL, DR. BRANDI GARY, JANE DOES 1-2, | |
| Defendants. | |

## ORDER (1) GRANTING IN FORMA PAUPERIS APPLICATION; AND (2) DISMISSING COMPLAINT

Before the court is pro se Plaintiff Mark Alan Char's (1) prisoner civil rights Complaint and (2) Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF Nos. 1, 2. Char is a pretrial detainee incarcerated at the Oahu Community Correctional Center ("OCCC").[1] Char raises negligence and medical malpractice claims against Defendants Queens Hospital, Brandi Gary, M.D., and Jane Does 1 and 2.

---

[1] Char is awaiting trial in four unconsolidated criminal cases in the Hawaii Circuit Court of the First Circuit. *See State v. Char*, 1PC161001291 (Haw. 1st Cir. 2016); *State v. Char*, 1PC161000903 (Haw. 1st Cir. 2016); *State v. Char*, 1PC131000810 (Haw. 1st Cir. 2013); *State v. Char*, 1PC031002555 (Haw. 1st Cir. 2003). Avail. at: www.courts.state.hi.us. (last visited August 13, 2018).

Char's IFP Application is GRANTED. Because Char fails to allege a federal cause of action, this court lacks subject matter jurisdiction over his claims and his Complaint is DISMISSED. Char is granted leave to amend his Complaint, if possible.

## I. IFP APPLICATION

Char qualifies as a pauper and his IFP Application is GRANTED. *See* 28 U.S.C. § 1914. As a prisoner, Char is obligated to pay the full filing fee regardless of the outcome of this suit or whether he is later released. *See* 28 U.S.C. §§ 1915(b)(1) & (e)(2). Char shall make an initial partial payment of 20% of the current balance of his account, if that balance exceeds $10.00. Thereafter, Char shall make monthly payments of 20% of the preceding month's income credited to his account, when his account exceeds $10.00. *Id.*

IT IS HEREBY ORDERED that:

(1) The Hawaii Department of Public Safety ("DPS"), Warden of the Oahu Community Correctional Center, or designees, shall calculate, collect, and remit to the Clerk of Court an initial partial payment equaling 20% of the amount in Char's account (if that amount exceeds $10.00), and thereafter, monthly payments equaling 20% of Char's preceding month's income or balance when the account exceeds $10.00, until the $350.00 civil filing fee is paid in full. *See* 28 U.S.C.

§ 1915(b)(2). These payments must be identified by the name and number assigned to this action.

(2) The Clerk is directed to serve a copy of this order on Char, the OCCC Warden and Financial Office, Shelley Nobriga Harrington, Esq., and Laurie Nadamoto, Esq., DPS Litigation Coordinators, and submit a copy of this order to the District of Hawaii's Financial Department.

## II. **STATUTORY SCREENING**

The court is required to conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a claim or complaint that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. <u>DISCUSSION</u>

**A.     Char's Claims**

In Count I, Char asserts a medical malpractice claim against Queen's Medical Center-West Oahu ("Queen's West") physician Dr. Brandi Gary. He alleges Dr. Gary failed to clean his wounds or administer a tetanus shot to him on August 1, 2016, resulting in life-threatening sepsis and kidney failure.

4

In Count II, Char asserts a negligence claim against Jane Doe 1, who he identifies as a Queen's West nurse working at the Honolulu Police Department's main police station on August 1, 2016. Char alleges that Jane Doe 1 prescribed him the incorrect insulin, although he had told her the specific insulin that he used.

In Count III, Char asserts that Jane Doe 2, a second Queen's West nurse working at the Honolulu police station, was negligent when she denied him food from August 1-3, 2016, because he "was given the wrong insulin and I was not able to use it so she refused to let me eat." Compl., ECF No. 1, PageID #7. Char seeks damages.

**B.     Jurisdiction**

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[2] 28 U.S.C. § 1331. Under § 1331, whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction may only be invoked when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386,

---

[2] Federal courts also have original jurisdiction under 28 U.S.C. § 1332, when the matter in controversy exceeds the sum of $75,000 and the action is between citizens of different States, or are subjects of a foreign state. Nothing within Char's Complaint suggests the Defendants here are citizens of a different state or country, nor does Char allege jurisdiction arises under § 1332.

392 (1987). Generally, an action is deemed to "arise under" federal law when a "federal law creates the cause of action" that the plaintiff has asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Actions asserting state-law claims may also "arise under" federal law for purposes of federal question jurisdiction if the asserted state law: (1) "necessarily raise[s] a stated federal issue," (2) that is "actually disputed" and (3) "substantial," and (4) "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Naehu v. Read*, 2017 WL 1162180, at *4 (D. Haw. Mar. 28, 2017) (remanding case to state court).

Char asserts federal jurisdiction arises here under 28 U.S.C. § 1331 and 42 U.S.C. § 1983,[3] yet he explicitly pleads three state law claims only (for negligence and medical malpractice). Char has filed several other actions in the federal court, with and without counsel, and he clearly understands how to assert a federal claim. *See e.g.*, *Char v. KHON, et al.*, Civ. No. 18-00304 LEK-KJM (D. Haw. 2018);

---

[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

*Char v. Simeona, et al.*, Civ. No. 18-00303 DKW-KJM (D. Haw. 2018); *Char v. Smith, et al.*, Civ. No. 18-00202 HG-RLP (D. Haw. 2018) (stayed pending state criminal proceedings concluded); *Char v. City & Cty. of Honolulu, et al.*, Civ. No. 16-00058 JMS-KJM (D. Haw. 2016); *Char v. City & Cty., et al.*, Civ. No. 96-00007 HG-FIY (D. Haw. 1996). Char, as the master of his complaint, explicitly limits his claims to state law torts, depriving this court of subject matter jurisdiction. The Complaint is DISMISSED without prejudice for lack of jurisdiction.

## C. Fourteenth Amendment

Even a liberal construction of Char's claims does not allow the court to construe them as asserting a federal cause of action for deliberate indifference to his health or safety. His statement of facts support, at most, an inference of negligence or medical malpractice. Char does not explain how Dr. Gary was acting under color of state law, or provide sufficient facts to fully explain what Jane Does 1 and 2 did or failed to do that violated his state or federal rights.[4] *See West*, 487 U.S. at 48 (setting forth essential elements of a claim under 42 U.S.C. § 1983). If Char elects to amend his Complaint — rather than bring his claims in

---

[4] Although Char alleges Jane Doe 2 denied him food for three days, his facts suggest this was a medical decision made in response to his either receiving the incorrect insulin or refusing to take the insulin that Jane Doe 1 had prescribed.

7

state court where they appear proper — he is also advised that pretrial detainees' claims for violations of the right to adequate medical care arise under the Due Process Clause of the Fourteenth Amendment and are evaluated under an objective deliberate indifference standard. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*)).

To state a Fourteenth Amendment medical care claim against an individual defendant, a pretrial detainee must allege facts that show: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 396, 109 (1989)).

8

The "'mere lack of due care by a state official' does not 'deprive an individual of life, liberty, or property under the Fourteenth Amendment.'" *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent — something akin to reckless disregard." *Id.* The facts alleged in Char's Complaint fall far short of this standard.

## IV. **LEAVE TO AMEND**

Char may file an amended complaint on or before September 12, 2018, to cure the deficiencies in his Complaint. In the alternative, he may notify the court that he will voluntarily dismiss this case on or before September 12, 2018. On receipt of such written notification, the court will vacate the Order Granting In Forma Pauperis, and direct the Clerk to terminate this action without payment of fees.

If Char elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. An amended

complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. **CONCLUSION**

(1) Char's Application to Proceed In Forma Pauperis by a Prisoner is GRANTED.

(2) Char's Complaint is DISMISSED without prejudice for lack of federal jurisdiction.

(3) Char may file an amended pleading that cures the jurisdictional deficiency of his Complaint on or before September 12, 2018, if this is possible and done in good faith. In the alternative, Char may notify the court in writing that he elects to voluntarily dismiss this action on or before September 12, 2018. Upon receipt of such written notice, the court will vacate the Order Granting In Forma Pauperis and waive further payment of fees.

///

///

///

(4) The Clerk of Court is DIRECTED to send Char a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 15, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Char v. Queens Hospital, et al.*, No. 1:18 cv 00302 JMS RLP; Scrng '18 Char 18 302 jms (grt IFP, dsm C lack J)